# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

RUBEN LOPEZ-LOPEZ                                              PETITIONER

v.                          NO. 2:05CV00345 SWW/HDY

LINDA SANDERS, Warden, FCI                                     RESPONDENT
Forrest City, Arkansas

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge Susan Webber Wright.  Any party may serve and file written objections to these findings and recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendation.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, Arkansas 72201-3325

DISPOSITION

CONVICTION AND DIRECT APPEAL.  In United States v. Lopez-Lopez, 282 F.3d 1, 7-8 (1st Cir. 2002), the United States Court of Appeals for the First Circuit found that the following resulted in the incarceration of petitioner Ruben Lopez-Lopez ("Lopez-Lopez"):

> On the night of March 23, 1999, at approximately 3:00 a.m., the Rapid Action Force Unit ("FURA") of the Puerto Rico Police was on routine patrol at sea.  Three agents were on the patrol boat: Waldy Velez, Pedro Rivera, and Hector Camacho.  On their radar, the FURA agents spotted another boat, about a quarter mile out at sea, with its lights off.  The FURA boat approached this other boat.  When the FURA boat was approximately 25 feet from the boat on radar, the agents shined the FURA boat's two spotlights on the other boat, which both agents Velez and Rivera saw was a speed boat with three men aboard.  The speed boat responded by speeding up, colliding with the FURA boat, and then heading on a zig-zag course toward shore.  As the speed boat sped away, its occupants started to throw items overboard.

> A few minutes later, when the speed boat neared the shore-line of Isla Matei, a small uninhabited island off the coast of mainland Puerto Rico, the speed boat's occupants abandoned ship, swam or waded to shore, and then ran onto the island.  They were carrying plastic bags.  Instead of pursuing the three men, the FURA agents pursued the now unmanned speed boat and gained control of it.  They found 700 kilograms of cocaine in the speed boat and in the surrounding sea.  The agents also found t-shirts, rain gear, wetsuits, a marine radio, a Global Positioning System ("GPS"), a satellite telephone, and a cellular telephone.

> One hour later, at approximately 4:00 a.m., two police officers of the Yauco narcotics unit, Jose Alarcon and Octavio Cruz, were driving down Highway 324.  They had been advised that FURA agents were pursuing a fleeing vessel with a load of drugs, and were headed toward the Phosphorescent Bay area where there might be land crews waiting to assist the drug-carrying boat.

On their way to the bay, the Yauco police officers saw three men walking along Highway 324 in a rural area at least two miles from Isla Matei, where the boat's occupants had fled.  These three men turned out to be the appellants: Lopez-Lopez, Luciano, and Santana.  Officers Alarcon and Cruz did not know that the drug boat had been abandoned, nor did they know that three persons had fled the boat.  The three men ran into a field by the roadside and hid.  There, officers Alarcon and Cruz apprehended them.  Officers Alarcon and Cruz, with the assistance of police officers from the town of Lajas, who had arrived to assist them, arrested the men and took them to the Guanica police station.  At the time of their arrest, only Lopez-Lopez spoke, and he stated that he had been robbed and abandoned in the area.  All three men appeared damp and exhausted.  Only these three were found in the police search of the area.  At approximately 6:00 a.m., agents Velez and Rivera-two of the FURA agents who had encountered and pursued the speed boat-arrived at the Guanica station.  Lopez-Lopez, Luciano, and Santana were being held in a central area on the first floor of the small, two-story structure.  Upon seeing the three men in handcuffs, agents Velez and Rivera immediately identified Luciano as the pilot of the speed boat, but the agents did not identify Lopez-Lopez or Santana.  Neither a lineup nor a photographic display was ever conducted.  The agents later conducted ion and fiber tests of the three men and their clothing in order to detect the presence of cocaine or fibers from the bales recovered from the speed boat.  All of the tests returned negative results.

Three weeks later, Yauco police officer Cruz, accompanied by customs agent Ismael Padilla and other agents, returned to the site of the earlier arrests.  The purpose of their visit to the field was for officer Cruz to show agent Padilla where the arrests occurred, not to gather evidence.  Although no evidence was found in the field at the time the three were arrested, this time the agents found several items, including a cellular telephone and a bag containing money and two wallets.  None of the wallets contained identification of the defendants.  Through telephone record analysis of the telephone found in the field, it was determined that, at 3:27 a.m. on the night the speed boat was apprehended and the defendants were arrested, a call was placed from the cellular telephone to a telephone accessible to residents in the building where Lopez-Lopez lived.

Lopez-Lopez, Luciano, and Santana were indicted on two counts: (1) possession with intent to distribute, and aiding and abetting possession with intent to distribute, 700 kilograms of cocaine, 21 U.S.C. § 841(a)(1); 18 U.S.C. § 2, and (2) importation, and aiding and abetting importation, of 700 kilograms of cocaine, 21 U.S.C. § 952(a); 18 U.S.C. § 2. After a month-long jury trial, the three defendants were convicted on both counts. At sentencing, the district court determined in separate proceedings that, given the nature of the offenses and the amount of cocaine involved, each defendant's base offense level was 38. Given a criminal history category of I, the district court found that the guidelines imprisonment range was 235 to 293 months. On July 10, 2000, the trial judge sentenced each defendant to 235 months in prison.

Lopez-Lopez and his co-defendants challenged their convictions on appeal. Their grounds for reversal were summarized by the Court of Appeals as follows:

> Summing the arguments of all three, they claim the district court erred by: (1) denying Santana's motion to dismiss based on "inadequate" legal instruction to the grand jury; (2) refusing to suppress evidence obtained from their arrests, which Lopez-Lopez alleges to have been without probable cause; (3) admitting identification evidence of Luciano, which they allege to have violated their due process rights; (4) admitting testimony that Lopez-Lopez told Luciano to remain silent when the police were questioning Luciano; (5) allowing the government's witness to provide expert testimony based on his prior experiences prosecuting drug cases; (6) ordering the prosecutor to demonstrate the use of a spotlight in the courtroom; (7) refusing to instruct the jury that it could consider prior testimony by government witnesses as substantive evidence on behalf of the appellants under Fed.R.Evid. 801(d)(1)(A); (8) refusing to instruct the jury to acquit Santana if the jury determined that Santana was just as likely to have been smuggling aliens; (9) sentencing them on the evidence presented, which they allege is insufficient; (10) sentencing them in violation of <u>Apprendi v. New Jersey</u> ...; and (11) refusing to allow them access to discovery concerning their constitutional challenge to the appointment of United States Attorney Guillermo Gil.

See Id. at 6-7. The Court of Appeals found that although it was a "close case on the sufficiency of the evidence of Santana's guilt," see Id. at 7, there was no reversible error and the convictions and sentences were affirmed. Lopez-Lopez's subsequent petition for writ of certiorari to the United States Supreme Court was denied. See Lopez-Lopez v. United States, 536 U.S. 949 (2002).

2255 MOTION. In November of 2002, Lopez-Lopez filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. 2255 in the United States District Court for the District of Puerto Rico. In the motion, he advanced the following claims:

> 1. [My] counsel failed to join the other codefendants in a motion to suppress identification evidence. Not having raised by own reasoning why this evidence should not be admitted prevented me from raising the issue on appeal. … This was a waiver inconsistent with effective assistance of counsel.
>
> The lighting surrounding the place where the drugs were intercepted was completely inadequate and the time period during which the agents "saw" the driver of the boat loaded with drugs was extremely short. Thus, had my lawyer joined in the motion of codefendant Luciano, we would have introduced evidence and further [argued] … Not having joined the motion further prevented appellate counsel from raising the issue.
>
> 2. [The] conviction was obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to him. That is, the prosecution failed to provide evidence which, if obtained by my counsel before the dispositive motion deadline, would have given my counsel a clearer understanding of the circumstances surrounding the arrest and would have helped her in requested an evidentiary hearing on the arrests.

> Details as to the circumstances surrounding the arrest became only available at trial. By then, it was [too] late to file a motion to suppress all evidence obtained pursuant to the illegal arrest.
>
> 3. In the alternative [], there was a denial of effective assistance of counsel because my counsel failed to raise the issue of the [legality] … of the arrest and thus waived it. … Had she raised this issue, an evidentiary hearing would have been scheduled and in case of a negative result in said hearing, we would have been able to raise the issue on appeal. This waiver was one inconsistent with effective assistance of counsel.
>
> The testimony of the police agents that made the arrest clearly indicated that they had no reasonable cause to make the arrest. Their testimony during trial and at the suppression hearing clearly indicated that they were not in search of three individuals walking in the area of the arrests. Thus, there was no reasonable cause for the arrests and they were illegal.

See Document 9, Exhibit 5 at 6-7. United States District Judge Jose Antonio Fuste found no merit to the motion and denied it in April of 2004. Lopez-Lopez subsequently requested a certificate of appealability from the District Court for the District of Puerto Rico and the Court of Appeals, but his requests were denied.

2241 PETITION. In December of 2005, Lopez-Lopez filed the pending petition for writ of habeas corpus pursuant to 28 U.S.C. 2241. His lone claim was that his trial attorney did not provide constitutionally adequate representation because counsel failed to "investigate [the] circumstances surrounding [the] arrest and to file a motion to suppress …" See Document 3 at 8. He also addressed the fact that he had previously filed a motion pursuant to 28 U.S.C. 2255; specifically, he represented the following:

> 11. In light of the fact that the Petitioner's petition under 28 U.S.C. 2255 was never considered on the merits, this Court may entertain such motion. [Footnote: Though the rule is not to entertain a Petition which was, or could have been considered under 28 U.S.C. 2255, there are exceptions. The present Petition is one of them. Neither the United States District Court in San Juan, Puerto Rico, nor the First Circuit, ever considered this matter on its merit. Unless this Court entertains it, the Petitioner will spend his whole period of incarceration without having had a fair chance to question his attorney's lack of performance and hence the legality of his incarceration. (Citations omitted).]

See Document 2 at 3.

In January of 2006, respondent Linda Sanders ("Sanders") filed the pending motion to dismiss. She advanced the following representations in her motion:

> The Petitioner's complaints relate to his conviction and sentence.
>
> Issues concerning the lawfulness of a federal conviction and sentence[] imposed generally must be brought in a 28 U.S.C. 2255 motion, addressed to the sentencing court, rather than a [section] 2241 habeas petition in the district of confinement. [Citations omitted]. A petitioner has the burden of demonstrating that [section] 2255 relief in the sentencing court would be inadequate or ineffective. The mere fact that an individual may be barred from filing a [section] 2255 motion for procedural reasons does not render the remedy inadequate or ineffective. [Citation omitted].
>
> [Citations omitted]. In short, he has not been convicted of a non-existent crime which would invoke the savings clause. [Citation omitted].

See Document 9 at 1-2.

In April of 2006, Lopez-Lopez filed a response to Sanders' motion to dismiss. Lopez-Lopez's response, pared to its essence, was that the claim at bar should be considered because no court has ever considered on the merits the circumstances surrounding his arrest or, alternatively, his trial attorney's ineffectiveness for failing to raise that issue at trial. Lopez-Lopez specifically maintained that the trial court was never accorded the opportunity to consider the circumstances surrounding his arrest because his trial attorney never raised the issue. Lopez-Lopez maintained that the Court of Appeals did not consider the arrest issue on direct appeal because the Court of Appeals deemed the issue to have been waived on appeal. He maintained that the District Court for the District of Puerto Rico never considered in the context of his motion pursuant to 28 U.S.C. 2255 or his request for a certificate of appealability that his trial attorney was ineffective for failing to raise the arrest issue at trial. Lopez-Lopez additionally maintained that the Court of Appeals never considered in the context of his request for a certificate of appealability that his trial attorney was ineffective for failing to raise the arrest issue at trial.

<u>ANALYSIS OF THE SUBMISSION AT BAR</u>. At the outset, it is imperative for the Court to properly construe the submission filed by Lopez-Lopez in commencing this proceeding. He filed his submission as a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241, a submission in which he challenged his conviction on the ground that his trial attorney failed to provide constitutionally adequate representation.

The difference between a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241 and a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. 2255 is easily stated; the application of that difference, though, is not always as easy. This much is clear: a prisoner may attack the execution of his sentence by means of a petition filed pursuant to 28 U.S.C. 2241in the district of his incarceration. See Matheny v. Morrison, 307 F.3d 709 (8th Cir. 2002); Bell v. United States, 48 F.3d 1042 (8th Cir. 1995). The Court understands "execution" to mean the manner in which a sentence is actually served. See United States v. Peterman, 249 F.3d 458 (6th Cir. 2001). For example, a petition filed pursuant to 28 U.S.C. 2241 is appropriate to challenge "calculations by the Bureau of Prisons of the credit to be given for other periods of detention, or decisions to deny parole, ... or conditions of confinement ..." See Poindexter v. Nash, 333 F.3d 372, 377 (2nd Cir. 2003).

A motion filed pursuant to 28 U.S.C. 2255 in the district of a prisoner's sentencing is the means for challenging the validity of the prisoner's conviction. See Matheny v. Morrison, supra; Bell v. United States, supra. The Court understands "validity" to mean the imposition or length of the sentence imposed by the sentencing court. See Turner v. Keller, 994 F.Supp. 631 (W.D.Pa. 1998). 28 U.S.C. 2255 encompasses, inter alia, "claims that 'the sentence was imposed in violation of the Constitution or laws of the United States ...'" See Love v. Menifee, 333 F.3d 69, 72 (2nd Cir. 2003) [citing Jiminian v. Nash, 245 F.3d 144, 146-47 (2nd Cir. 2001), and 28 U.S.C. 2255].

The Court has thoroughly reviewed Lopez-Lopez's submission. On the basis of that review, the Court is firmly convinced that he is not challenging the execution of his sentence. He is instead challenging the validity of his conviction. Thus, the submission at bar is without question one pursuant to 28 U.S.C. 2255.

Having so construed Lopez-Lopez's submission, it is clearly a second or successive motion pursuant to 28 U.S.C. 2255 because he previously sought relief pursuant to that section. He filed the motion at bar without the initial approval of the appropriate Court of Appeals and is therefore in violation of 28 U.S.C. 2255.[1] The only question for the Court is whether he can satisfy the "savings clause" codified in that section, thereby permitting him to file his submission as one pursuant to 28 U.S.C. 2241.

28 U.S.C. 2255 contains a "savings clause" permitting the submission of an otherwise precluded motion pursuant to 28 U.S.C. 2241. The clause provides the following:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

---

[1] 28 U.S.C. 2255 provides, in part, that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals …"

See also United States v. Lurie, 207 F.3d 1075 (8th Cir. 2000) (writ of habeas corpus may issue pursuant to 2241 only if it appears that 2255 is inadequate or ineffective). The burden of making the foregoing showing is upon Lopez-Lopez. See Hill v. Morrison, 349 F.2d 1089 (8th Cir. 2003). He must demonstrate that there is more than a procedural barrier to filing a motion pursuant to 28 U.S.C. 2255. As the United States Court of Appeals for the Eighth Circuit has noted, "[t]he [section] 2255 motion is not inadequate or ineffective merely because [section] 2255 relief has already been denied ..." See United States v. Lurie, 207 F.3d at 1077.

Lopez-Lopez's response to Sanders' motion contains his attempt to satisfy the "savings clause." As the Court noted above, Lopez-Lopez maintains that the claim at bar should be considered because no court has ever considered on the merits the circumstances surrounding his arrest or, alternatively, his trial attorney's ineffectiveness for failing to raise that issue at trial.

There are at least three problems with the position advanced by Lopez-Lopez. First, a thorough review of the record has left the Court with the impression that this proceeding is nothing more than his veiled attempt to appeal the adverse determinations made by the District Court for the District of Puerto Rico and the Court of Appeals. He maintains that the claim at bar was never considered on the merits. It would seem, however, that the assertion is something that should have been, or should be, presented to the court allegedly not considering the claim on the merits or to an appellate court.

Second, the Court is not persuaded that Lopez-Lopez's assertion is accurate. The Court has the benefit of the judgment and most of the memorandum order denying his motion pursuant to 28 U.S.C. 2255.[2] Judge Fuste's memorandum order appears to be a complete consideration of the issues raised in that proceeding. Lopez-Lopez has seized upon Judge Fuste's use of the word "summarily" in the judgment dismissing the motion, but his use of the word does not rendered his consideration of the issues less than complete. Thus, the Court cannot say that the claim was not considered on the merits.

Third, and not withstanding the foregoing, <u>United States v. Lurie</u> clearly stands for the proposition that a motion pursuant to 28 U.S.C. 2255 is not inadequate or ineffective merely because relief pursuant to that section has previously been denied. Although Lopez-Lopez has sought relief pursuant to the section in a prior proceeding, the remedy is not otherwise inadequate or ineffective. He has not shown that he cannot now request permission from the appropriate Court of Appeals to file a second or successive motion pursuant to 28 U.S.C. 2255.

Given the foregoing, the Court finds that Lopez-Lopez filed the motion at bar without the initial approval of the appropriate Court of Appeals. He has not shown that he is excused from obtaining the required approval and has not demonstrated that "the remedy by motion is inadequate or ineffective to test the legality of his detention."

---

[2] Sanders filed a copy of the judgment and nine pages of the ten page memorandum order denying Lopez-Lopez's motion. For some reason, the entire memorandum order was not filed by Sanders.

In summary, the undersigned is convinced that Lopez-Lopez's submission is clearly one pursuant to 28 U.S.C. 2255. His attempt to characterize his submission as one pursuant to 28 U.S.C. 2241 is misplaced because he is clearly claiming the right to be released on the ground that his conviction is invalid. The "savings clause" codified in 28 U.S.C. 2255 is of no help to him because he cannot show that the relief afforded by that section is inadequate or ineffective. Having previously filed a motion pursuant to 28 U.S.C. 2255, Lopez-Lopez must obtain the approval of the appropriate Court of Appeals before filing a second or successive motion. He has not obtained the required approval. The undersigned therefore recommends that Sanders' motion to dismiss be granted and Lopez-Lopez's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. 2255 be dismissed without prejudice. All requested relief should be denied. Judgment should be entered for Sanders.

DATED this _5_ day of May, 2006.

_____
UNITED STATES MAGISTRATE JUDGE